UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARS E. GUSTAFSON, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-263-JD-JEM |
| MYERS, et al., | |
| Defendants. | |

OPINION AND ORDER

Lars E. Gustafson, Sr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gustafson alleges that, on March 4, 2025, CO Morgan decided to move an inmate he was having trouble with, and he planned to put Gustafson in that inmate's cell. Gustafson begged CO Morgan not to move him. Gustafson sat in cuffs expecting to be moved to his new cell, CO Morgan charged Gustafson with a disciplinary offense[1] and

---

[1] Gustafson does not provide any details regarding the charges, whether he was found guilty, or the sanctions imposed.

Gustafson was taken to RHU at Lt. Myers' direction. He alleges that he was discriminated against because he was behaving like others, but they were not taken to RHU. On March 7, 2025, he was moved again and saw inmates breaking out of their cells, but they were not taken to RHU or Alpha. He believes staff pick and choose who they will "stand on" and for whom they will look the other way when violations occur. ECF 1 at 3.

The Constitution generally does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). The prison's categorization of the type of segregation, whether it is called administrative or disciplinary, is not relevant for constitutional purposes; the relevant inquiry is "the length of segregated confinement" and whether "the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Here, Gustafson was placed in RHU for approximately three days, and he describes no atypical of significant hardships. Therefore, he will not be permitted to proceed on a due process claim.

While Gustafson does not explicitly reference the Equal Protection Clause, he may be attempting to raise an Equal Protection claim. To assert an Equal Protection claim, a plaintiff must allege that a state actor purposely discriminated against him on a prohibited basis, such as his race or sex. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Williams v. Dart*, 967 F.3d 625, 637 (7th Cir. 2020). If the disparate treatment is not based on a prohibited ground, it is permissible if it is not irrational. *Stevens v. Illinois Dept. of Transp.* 210 F.3d 732, 737-738 (7th Cir. 2000). In the prison context, "prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016).

A plaintiff can also state a "class-of one" Equal Protection claim by alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Word v. City of Chicago*, 946 F.3d 391, 395–96 (7th Cir. 2020). However, "even at the pleading stage, a plaintiff must anticipate the burden of eliminating any reasonably conceivable state of facts that could provide a rational basis for the government's actions," and must "provide a sufficiently plausible basis to overcome the applicable presumption of rationality." *Walker v. Samuels*, 543 F. App'x 610, 611 (7th Cir. 2013). Additionally, class-of-one claims cannot be used to challenge discretionary decisions that are "based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 603 (2008). In the prison context, "choosing when and how to apply discipline are

3

discretionary decisions falling under *Engquist*." *Atkinson v. Mackinnon*, No. 14-CV-736-BBC, 2015 WL 506193, at *1 (W.D. Wis. Feb. 6, 2015).

Gustafson does not describe any intentional discrimination he suffered based on a prohibited ground or identification with any particular group. He also does not provide any details about the treatment of other inmates for the court to plausibly infer that he was intentionally treated more harshly than similarly situated inmates for no rational reason. The decision of prison officials to house Gustafson in a particular unit based on his own unique background and circumstances does not give rise to a plausible Equal Protection claim. *Engquist*, 553 U.S. at 603; *Atkinson*, 2015 WL 506193, at *1.

Finally, Gustafson has named the Miami Correctional Facility as a defendant. It is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

This complaint does not state a claim for which relief can be granted. If Gustafson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above

the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Lars E. Gustafson, Sr., until **May 15, 2025**, to file an amended complaint; and

(2) CAUTIONS Lars E. Gustafson, Sr., that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 11, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT