UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARS E. GUSTAFSON, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-263-JD-JEM |
| MYERS, et al., | |
| Defendants. | |

OPINION AND ORDER

Lars E. Gustafson, Sr., a prisoner without a lawyer, filed an amended complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gustafson alleges that, prior to March 4, 2025, Correctional Officer Morgan decided to move an inmate he was having trouble with, and he placed Gustafson in that inmate's cell. Officer Morgan explained that the prior individual was constantly breaking out of the cell, and he was placing Gustafson in that cell because he knew

Gustafson would listen.[1] On March 4, 2025, around 4:30 or 5:00 p.m., Officer Morgan called yard staff to lock individuals back into their cells. Gustafson was among those individuals. Gustafson was placed in handcuffs and told to have a seat. Gustafson sat in cuffs expecting to be walked back to the cell, like other inmates who had been out of their cells. Instead, yard staff told Gustafson that, pursuant to Lt. Myers, Gustafson was to be taken to RHU/Alpha. Gustafson was charged with a class B conduct report for interfering with staff while others allegedly behaving similarly were not charged with disciplinary offenses. This allegedly occurred because of Gustafson's transgender identity and because Gustafson embraces ideas associated with those who are transgender.

While Gustafson does not explicitly reference the Equal Protection Clause, it appears that Gustafson is attempting to raise an Equal Protection claim. To assert an Equal Protection claim, a plaintiff must allege that a state actor purposely discriminated against him on a prohibited basis, such as his race or sex. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Williams v. Dart*, 967 F.3d 625, 637 (7th Cir. 2020). If the disparate treatment is not based on a prohibited ground, it is permissible if it is not irrational. *Stevens v. Illinois Dept. of Transp.* 210 F.3d 732, 737-738 (7th Cir. 2000). In the prison context, "prison administrators may treat inmates differently as long as the unequal

---

[1] Gustafson alleges that inmates heard this comment, and it placed Gustafson in danger. To the extent that Gustafson may be attempting to allege a failure to protect claim, the claim cannot proceed. Gustafson has not alleged that any inmate attacked occurred, and mere fear of an attack that does not occur does not state a claim for failure to protect. See *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." (internal quotation marks and citation omitted)).

treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016).

Gustafson asserts that identifying as transgender or endorsing ideas associated with those who are transgender led to Gustafson being selected to be disciplined, but the amended complaint includes no facts suggesting that being transgender or endorsing transgender ideas had anything to do with the decision to discipline Gustafson. Assuming for purposes of this order that heightened scrutiny applies where an inmate is transgender, *c.f. K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604 (7th Cir. 2024), merely asserting class membership and different treatment will not suffice to state a claim.[2]

As explained in the court's earlier screening order (ECF 6 at 3-4), a plaintiff can also state a "class-of one" Equal Protection claim by alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Word v. City of Chicago*, 946 F.3d 391, 395–96 (7th Cir. 2020). However, "even at the pleading stage, a plaintiff must anticipate the burden of eliminating any reasonably conceivable state of facts that could provide a rational basis for the government's actions," and must "provide a sufficiently plausible basis to

---

[2] Gustafson notes that the charge was dropped to a class C charge of refusing an order. Another individual who was charged with the same offense stemming from the same incident but is not transgender had the charges against him dropped altogether. Gustafson argues that this shows Gustafson was treated more harshly because Gustafson identifies as transgender, but Gustafson does not allege that Lt. Myers or Officer Morgan served as the hearing officers or had anything to do with how the charges were handled after they were brought. Therefore, Gustafson cannot proceed against Lt. Myers or Officer Moran based on how the charges were handled by the disciplinary hearing officers that were assigned to these cases.

3

overcome the applicable presumption of rationality." *Walker v. Samuels*, 543 F. App'x 610, 611 (7th Cir. 2013). The court also explained that class-of-one claims cannot be used to challenge discretionary decisions that are "based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 603 (2008). In the prison context, "choosing when and how to apply discipline are discretionary decisions falling under *Engquist*." *Atkinson v. Mackinnon*, No. 14-CV-736-BBC, 2015 WL 506193, at *1 (W.D. Wis. Feb. 6, 2015). Thus, the decision to charge Gustafson with a disciplinary offense cannot serve as a basis for a class of one equal protection claim.

This court's earlier screening order pointed out the deficiencies in Gustafson's allegations against Lt. Myers and Officer Morgan and granted Gustafson an opportunity to address those deficiencies. The amended complaint asserts for the first time that the alleged discrimination is based on Gustafson identifying as transgender or endorsing ideas associated with those who are transgender, but the allegations run into the same roadblocks as the earlier claim. Gustafson has not asserted facts suggesting that being in a protected class (identified in the amended complaint as transgender individuals) had anything to do with the decision to charge Gustafson with a disciplinary offense, and class-of-one claims cannot be used to challenge discretionary decisions such as who is charged with a disciplinary violation.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad

4

discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 14, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT